IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHARLES JACKSON, JR.,

 Plaintiff,

v.          CV 119-096

EQUIFAX INFORMATION SERVICES,
LLC; TRANS UNION, LLC; and
HARLEY-DAVIDSON MOTOR COMPANY,

 Defendants.

# ORDER

Before the Court is the Parties' stipulation of dismissal with prejudice as to Defendant Trans Union, LLC ("Trans Union"). (Doc. 19.) All appearing parties signed the stipulation. This stipulation presents the less ordinary situation where the parties invoke Rule 41(a)(1) to dismiss less than all of the parties to a lawsuit.

In a recent opinion, the Eleventh Circuit held that Federal Rule of Civil Procedure 41(a)(1) is an improper mechanism to dismiss less than all claims in a lawsuit. Perry v. Schumacher Grp. of La., 891 F.3d 954, 958 (11th Cir. 2018). In doing so, the Eleventh Circuit noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." Id. "There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit — e.g., a particular *claim* — while leaving a

different part of the lawsuit pending before the trial court." Id. (emphasis in original).

Although Perry did not address whether Rule 41(a)(1) applies to dismissal of less than all defendants to a lawsuit, several district courts within the Eleventh Circuit have since applied Perry's logic to the dismissal of less than all parties. See McCrimager v. Roberson, No. 4:18-cv-179-WS/MJF, 2019 WL 4170190, at *1 (N.D. Fla. July 29, 2019) ("Rule 41 provides a mechanism to dismiss an 'action' and not merely a single defendant.") (citing Perry, 891 F.3d at 958); West v. Zacharzewski, Nos. 2:18-CV-14155-ROSENBERG/MAYNARD, 2:18-CV-14156-ROSENBERG/MAYNARD, 2019 WL 3426321, at *1, n.1 (S.D. Fla. Apr. 18, 2019) ("Pursuant to Eleventh Circuit precedent, a joint stipulation of dismissal cannot be used to dismiss parties, only cases.") (citing Perry, 891 F.3d 954); Walker v. Trans Union, LLC, No. 2:19cv85-MHT, 2019 WL 1283440, at *1, n.* (M.D. Ala. Mar. 20, 2019) ("The court construes the stipulation as a Rule 41(a)(2) motion for dismissal out of an abundance of caution because the court has doubts about whether the partial stipulation of dismissal" as to a single defendant "is valid under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).")[1] (citing Perry, 891 F.3d at 958). Prior to

---

[1] The Court understands the hesitation to dismiss less than all of the parties to a lawsuit pursuant to a Rule 41(a)(1)(A)(ii) stipulation applying the reasoning in Perry. Nevertheless, the Court cannot reconcile Walker's distinction between Rule 41(a)(1)(A)(ii) and Rule 41(a)(2). Perry focused on the use of the word "action" in Rule 41(a)(1). Rule 41(a)(2) uses the same

2

Perry, however, in Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., the Fifth Circuit concluded that Rule 41(a)(1) does not prohibit the dismissal of less than all defendants.[2] 474 F.2d 250, 253 (5th Cir. 1973). Because Plains Growers contemplated the dismissal of less than all parties whereas Perry contemplated the dismissal of less than all claims, the Court determines Plains Growers is the binding authority on this issue. To that end, the Court concludes that Rule 41(a)(1) is a proper mechanism to dismiss less than all the parties to a controversy.[3]

The Eleventh Circuit's discussion in Klay v. United Healthgroup, Inc. addressing the difference between dismissing

---

word: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order . . . ." The Fifth Circuit addressed the potential for a distinction and found:
> There is little merit in an argument that the court could not dismiss the action as to less than all defendants upon motion, and yet there is nothing in the Rule to indicate an intent to make the word "action" mean "all" in 41(a)(1) and mean less than "all" in 41(a)(2).

Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973).

[2] Decisions of the Fifth Circuit handed down prior to September 30, 1981, are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

[3] The Court considered other factors in reaching its conclusion. Perry suggested utilizing Rule 15 to dismiss less than all claims in an action, and Plains Growers considered employing Rule 21 to drop a party. Perry, 891 F.3d at 958; Plains Growers, 474 F.2d at 255. Here, Plaintiff and Defendant Trans Union resolved their dispute and stipulated to dismissal of Trans Union with prejudice. Rule 41(a)(1)(B) expressly grants parties the authority to stipulate to dismissal with prejudice. Under different federal rules that other courts proclaim are the proper mechanisms to dismiss less than all of an action, such as Rule 15 and Rule 21, no ability to dismiss with prejudice is contemplated. Furthermore, the Court finds no reason that Rule 41(a)(2) is somehow proper to dismiss less than all defendants when Rule 41(a)(1) is not. See *supra* note 1. Therefore, if it is true that Rule 41(a)(1) disallows dismissal of less than all defendants, the Court is unaware of another procedure whereby less than all parties may resolve their conflict with prejudice at the time of the dismissal.

3

claims and parties further supports the above conclusion: "Rule [41] speaks of voluntary dismissal of 'an action,' not a claim. . . . Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." 376 F.3d 1092, 1106 (11th Cir. 2004) (internal citation and quotation marks omitted). In consideration of this Circuit's authority discussed herein, "action," as used in Rule 41, means the universe of claims against a particular defendant.

**IT IS THEREFORE ORDERED** that this matter is **DISMISSED WITH PREJUDICE** as to Defendant Trans Union. The Clerk is **DIRECTED** to **TERMINATE** Defendant Trans Union as a party to this case and any motions pertaining to it. Plaintiff and Defendant Trans Union shall bear their own costs and fees with respect to each other.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA