IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHARLES JACKSON, JR.,           *
                                *
        Plaintiff,              *
                                *
        v.                      *          CV 119-096
                                *
EQUIFAX INFORMATION SERVICES,   *
LLC; TRANS UNION, LLC; and      *
HARLEY-DAVIDSON MOTOR COMPANY,  *
                                *
        Defendants.             *

_____

O R D E R

_____

Presently before the Court is Plaintiff's motion for default
judgment against Harley-Davidson Motor Company ("Harley-
Davidson"). (Doc. 27.) Defendant Harley-Davidson has not
appeared, pled, or otherwise defended this action. For the
following reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED
IN PART**.


**I. BACKGROUND**

Plaintiff initiated the present action under the Fair Credit
Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") on June 27, 2019.
(Doc. 1.) On October 2, 2019, Plaintiff moved for entry of default
pursuant to Federal Rule of Procedure 55(a) against Harley-
Davidson. (Doc. 12.) The Clerk entered default on October 3,
2019. (Doc. 13.) Plaintiff then filed voluntary dismissals as to

Defendants Trans Union, LLC ("Trans Union") (Doc. 19) and Equifax Information Services, LLC ("Equifax") (Doc. 20) in January 2020. Now, almost two years after the entry of default against Harley-Davidson, Plaintiff filed the present motion for default judgment on July 7, 2021. (Doc. 27.) Plaintiff seeks statutory damages and an award of attorney's fees and costs.

## II. DISCUSSION

### A. Legal Standard

"Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at * 1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC., No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)).

Further, "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)); Eagle Hosp. Physicians, LLC. v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)). Because Plaintiff's claim is not for a sum certain, default judgment is proper under Federal Rule of Civil Procedure 55(b)(2). See Senn Brothers, Inc., 2020 WL 2115805, at *2.

**B. Analysis**

   1. Jurisdiction

Plaintiff's FRCP claim arises under federal law. Therefore, the Court has original jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Georgia because the transaction and occurrences which gave rise to this action occurred in the Augusta Division of this Court. Moreover, the Court has personal jurisdiction over Harley-Davidson because Plaintiff personally served Harley-Davidson on September 10, 2019. (Doc. 9.)

2. Liability

Plaintiff alleges Harley-Davidson is inaccurately reporting its tradeline ("Errant Tradeline") on his Equifax and Trans Union credit disclosures with an erroneous scheduled monthly payment of $519.00. (Compl., Doc. 1, at ¶ 7.) According to Plaintiff, the account at issue was charged off and closed by Harley-Davidson, and Plaintiff no longer has an obligation to make monthly payments. (Id. ¶ 8.) On February 14, 2019, Plaintiff obtained his Equifax and Trans Union disclosures and noticed the inaccurate report by Harley-Davidson. (Id. ¶ 9.) On March 27, 2019, he submitted letters to Equifax and Trans Union disputing the Errant Tradeline. (Id. ¶ 10.) Equifax and Trans Union sent Plaintiff's consumer dispute to Harley-Davidson, which Harley-Davidson received. (Id. ¶¶ 12-13.) Harley-Davison verified that its reporting of its Errant Tradeline was accurate, and Equifax and Trans Union continued to report the $519.00 monthly payment. (Id. ¶¶ 15-17.)

In Count I, Plaintiff asserts Harley-Davidson "negligently failed to conduct a proper investigation of Plaintiff's dispute" and "negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation" as required by 15 U.S.C. § 1681s-2(b). (Id. ¶¶ 20-21.) As a result, Plaintiff seeks recovery for negligent noncompliance under 15 U.S.C. § 1681o. In Count II, Plaintiff asserts Harley-Davidson "willfully failed to conduct a

4

proper reinvestigation of Plaintiff's dispute" and "willfully failed to review all relevant information available to it and provided by Equifax and Trans Union" as required by 15 U.S.C. § 1681s-2(b). (Id. ¶¶ 27-28.) For these willful violations, Plaintiff seeks recovery under 15 U.S.C. § 1681n.

Section 1681s of the FCRA imposes a duty on "furnishers of information to investigate and respond promptly to notices of customer disputes." Meeks v. Equifax Info. Servs., LLC, No. 1:18-CV-3666, 2018 WL 7050839, at *3 (N.D. Ga. Dec. 6, 2018), *report and recommendation adopted*, 2019 WL 1219348 (N.D. Ga. Jan. 8, 2019). Specifically, if notified of a dispute from a Credit Reporting Agency ("CRA") "with regard to . . . accuracy of any information" the furnisher must (1) "conduct an investigation with respect to the disputed information;" (2) "review all relevant information provided by the [CRA];" and (3) "report the results of the investigation to the [CRA.]" 15 U.S.C. § 1681s-2(b)(1)(A)-(C). If the investigation reveals incomplete or inaccurate information, the furnisher must (1) report those findings to the CRAs to which it provided the incomplete or inaccurate information, and (2) modify, delete, or permanently block the reporting of any information disputed by a consumer that it finds to be inaccurate or incomplete or that cannot be verified after reinvestigation. See 15 U.S.C. §§ 1681s-2(b)(1)(D), (E)(i)-(iii).

Accepting the well-pleaded allegations of the Complaint as true, Plaintiff has established: (1) he disputed the allegedly Errant Tradeline to Equifax and Trans Union, which those agencies forwarded to Harley-Davidson, and which Harley-Davidson received; (2) Harley-Davidson "negligently failed to conduct a proper investigation" and to "review all relevant information available to it and provided by Equifax and Trans Union"; (3) Harley-Davidson failed to direct Equifax and Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount. (Compl., at ¶¶ 12-13; 20-22.) Plaintiff has also established that Harley-Davidson failed to meet its obligation under 15 U.S.C. § 1681s-2(b)(1)(E)(i)-(iii) to "modify, delete, or permanently block the reporting" of the allegedly inaccurate information regarding the Errant Tradeline. (Id. ¶ 18.) Accordingly, Plaintiff has stated a well-pleaded claim that Harley-Davidson negligently or willfully violated 15 U.S.C. § 1681s-2(b).

### 3. Damages

Federal Rule of Civil Procedure 54(c) provides, "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "A court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).

Because Harley-Davidson has violated 15 U.S.C. § 1681s-2(b), Plaintiff is entitled to damages.  The FCRA allows for recovery against a furnisher of credit information for willful violations under 15 U.S.C. § 1681n, and negligent violations under 15 U.S.C. § 1681o.  Plaintiff alleges he has suffered damages "[a]s a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the [FCRA]."  (Compl., at ¶ 18.)

In cases of willful violations of the FCRA, damages may include "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," and punitive damages.   15 U.S.C. § 1681n(a).   For negligent violations of the FCRA, a furnisher of inaccurate information is liable to the consumer for "any actual damages sustained by the consumer as a result of the failure."  15 U.S.C. § 1681o(a)(1).

Plaintiff has sufficiently alleged Harley-Davidson willfully or negligently violated the FCRA and requests $1,000 in damages, which is an anticipated amount under Section 1681n.  Plaintiff requests no additional amount of actual damages.   Having so concluded, the Court finds Plaintiff's request for damages in the amount of $1,000 is appropriate.  See Bradford v. Telerecovery, No. 16-2933, 2017 WL 2573947, at *9 (E.D. La. June 14, 2017).

4. <u>Attorney's Fees and Costs</u>

Plaintiff also seeks $3,194.20 for attorney's fees and costs. (Att'y. Brennan Decl., Doc. 27-2, at ¶¶ 6-7; Invoice, Doc. 27-3.) The FCRA allows reasonable attorney's fees and costs for both willful and/or negligent violations.   15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).   Accordingly, Plaintiff is entitled to reasonable attorney's fees and costs as detailed below.

The Eleventh Circuit has adopted the "lodestar" method for determining reasonable attorney's fees.   <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).   The lodestar is calculated by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services . . . ."   <u>Ass'n of Disabled Ams. v. Neptune Designs, Inc.</u>, 469 F.3d 1357, 1359 (11th Cir. 2006) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983); <u>Norman</u>, 836 F.2d at 1299).   "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974)."   <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir. 2008).   The <u>Johnson</u> factors include:

> (1) the time and labor required;  (2) the novelty and difficulty of the questions;  (3) the skill requisite to perform the legal service properly;  (4) the preclusion of employment by the attorney due to acceptance of the case;  (5) the customary fee;  (6) whether the fee is fixed

or contingent; (7) time limitations imposed by the
client or the circumstances; (8) the amount involved and
the results obtained; (9) the experience, reputation,
and ability of the attorneys; (10) the "undesirability"
of the case; (11) the nature and length of the
professional relationship with the client; and (12)
awards in similar cases.

Id. at 1350 n. 2 (citation omitted).

    a. *Reasonable Hourly Rate*

The Court first turns to the reasonable hourly rate. "A
reasonable rate is the prevailing market rate in the relevant legal
community for similar services by lawyers of reasonably comparable
skills, experience, and reputation." Norman, 836 F.2d at 1299
(citation omitted). The "going rate" in the community is the most
critical factor in setting the fee rate. Martin v. Univ. of S.
Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal
community is the district in which the court sits, here, the
Southern District of Georgia, Augusta Division. See Knight v.
Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citation
omitted). Because the Court is itself considered an expert on
hourly rates in the community, it may consult its own experience
in forming an independent judgment. Loranger v. Stierheim, 10
F.3d 776, 781 (11th Cir. 1994) (citation omitted). This Court has
previously determined that a reasonable billing rate in the Augusta
market is $300.00 per hour for attorneys and $75.00 per hour for
paralegals. See Whitesell Corp. v. Electrolux Home Prods., Inc.,

No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (citations omitted).

Attorney Brennan seeks an hourly rate of $375.00. The Court finds this rate is unreasonably high. In consideration of the local market rate and the skill and experience of the attorneys, the Court finds that Attorney Brennan (and Attorney Landreau, who was formerly the attorney of record on this case and who evidently conducted the relevant billing, see Invoice, at 1, 4) will be compensated at $300.00 per hour.

b. *Reasonable Hours Expended*

Having determined a reasonable hourly rate, the Court now addresses the hours reasonably expended. Fee applicants are required to exercise "billing judgment." Am. Civ. Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). This means "excessive, redundant, or otherwise unnecessary hours . . . that would be unreasonable to bill to a client" must be excluded. Id. (internal citations and quotations omitted). The Court has a duty not to award excessive attorney's fees and expenses. See id. ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them. . . . Courts are not authorized to be generous with the money of others . . . .").

According to Plaintiff's invoice, Plaintiff's law firm (between attorneys and other staff) billed 13.97 hours in this case. (See Invoice.) A review of the line-item entries, however,

10

reveals excessive billing. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350 (citation omitted). Since the billing record in this case is brief, the Court will conduct an hour-by-hour analysis. See Loranger, 10 F.3d at 783 (finding where fee application is voluminous, an across-the board cut is more appropriate).

First, the Court again notes that default was entered against Harley-Davidson on October 3, 2019 – almost two years before the filing of this motion for default judgment on July 7, 2021. The billing entries, beginning in February 2020 and culminating with this motion in July 2021, seem to bear little-to-no relation to Harley-Davidson or this motion. For example, Plaintiff seeks to recover attorney's fees for entries such as "[t]ax letter to client" on February 3, 2020; "[r]eview SDGA standing order regarding extensions of discovery deadlines" on March 18, 2020; "[u]pdate case summary and tasks list" on June 12, 2020, etc. (Invoice, at 1). None of these entries reasonably relate to Plaintiff's "action to enforce liability under [15 U.S.C. § 1681n or § 1681o]." Second, the vast majority of Plaintiff's billable entries account only for administrative and clerical tasks. "Work that is clerical or secretarial in nature, such as gathering, copying, mailing, and filing documents is not separately

11

compensable as attorney's fees." <u>Martin v. Augusta-Richmond</u>
<u>Cnty., Ga., Comm'n</u>, No. CV 112-058, 2012 WL 5950408, at *7 n.4
(S.D. Ga. Nov. 28, 2012) (citations omitted).   For these two
reasons, Plaintiff's request for attorney's fees for invoice
entries 1-54 is denied.

Only one billable entry remains: entry 55 ("Prepare Motion
for Default Judgment, and brief in Support").   Unlike the
aforementioned entries, this entry is relevant to the motion at
hand and non-secretarial.  Considering the legal analysis and other
detailed elements of the motion, the Court finds 1.5 hours
reasonable for this type of motion and briefing and grants
Plaintiff's request for attorney's fees related to entry 55,
subject to the reasonable rate calculation explained above.  (<u>See</u>
Invoice.)

c. *Calculation of the Lodestar*

As stated above, to determine the lodestar, the Court
multiplies the number of hours reasonably expended on the
litigation by the customary fee charged in the community for
similar legal services.  <u>See</u> <u>Neptune Designs</u>, 469 F.3d at 1359.
Multiplying 1.5 hours, the number of hours the Court determined
were reasonably expended by counsel, by $300 per hour, the
reasonable hourly rate, results in a lodestar amount of $450.

D. *Expert Fees, Costs, and Expenses*

Plaintiff also seeks $400.00 for filing costs. (Att'y Brennan Decl., at 2.)   This is a taxable cost under 25 U.S.C. § 1920 and is granted.   See FED. R. CIV. P. 54(d)(1); see also Kennedy v. Three J's L.L.P., No. 2:16-cv-214, 2018 WL 1036989, at *7-8 (M.D. Fla. Feb. 6, 2018), *report and recommendation adopted*, 2018 WL 1010838 (M.D. Fla. Feb. 22, 2018).   Accordingly, the Court awards $400.00 in costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED IN PART AND DENIED IN PART** as detailed in this Order.   The Court finds Harley-Davidson violated the FCRA, and statutory damages, costs, and attorney's fees are proper. Plaintiff is awarded the sum of $1,000 in statutory damages, $400 in costs, and $450 in attorney's fees for a total award in the sum of $1,850.   The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of October, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA